UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| EDWARD H. OAKMAN,            )<br>          Plaintiff,            )<br>                                         )<br>  v.                                    )<br>                                         )<br>MICHAEL J. ASTRUE,          )<br>Commissioner of Social Security  )<br>Administration,                  )<br>          Defendant.            )<br>                                         ) | Civil No. 1:07-cv-156 |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR AWARD OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)**

The defendant, Michael J. Astrue, Commissioner of Social Security, by and through counsel, submits the following response to Plaintiff Edward Oakman's Motion For Award of § 406(b) Fees (Docket No. 14) ("Pl's 406(b) Motion"). While the Commissioner has no direct stake in this court's decision on Oakman's motion, he nonetheless submits this Response in order to facilitate the proper administration of the attorney fees provisions contained in Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b).

**INTRODUCTION**

Now pending before the Court is Oakman's Motion For Award of § 406(b) Fees, seeking this court's approval of an award of $10,895 in attorney fees under 42 U.S.C. § 406(b), as compensation for 4.4 hours of representational work at the federal district court level. Pl's 406(b) Motion, at 1. The Commissioner respectfully submits that binding United States Supreme Court precedent requires this court to evaluate whether such an award would constitute a windfall; and, further, that such a conclusion is warranted here. While Oakman's attorney is entitled to an award of fees under 42 U.S.C. § 406(b), the amount of that award should be

reduced to an amount that will reasonably compensate him for his 4.4 hours of representational work performed before this court.

## PROCEDURAL BACKGROUND

Following the denial of his application for benefits at the administrative level, Oakman filed a Complaint with this court on July 16, 2007 (Docket No. 1). Due to difficulties associated with the preparation of the administrative record, on September 24, 2007, the Commissioner filed a Stipulated Motion for Entry of Judgment Under Sentence Six of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to the Defendant (Docket No. 6). On September 27, 2007, this court entered an Order granting the Commissioner's motion and remanding this matter to the Commissioner for further administrative proceedings (Docket No. 7).

Following remand from this court, Oakman obtained a fully-favorable administrative decision on his claim. As a result, Oakman's attorney, Mr. Francis Jackson, filed a motion for attorney fees pursuant to 42 U.S.C. § 406(b), seeking this court's approval of an award of $10,895 in attorney fees. Pl's 406(b) Motion, at 1. As Mr. Jackson explains in this motion, he has already received payment in the amount of $5,300 pursuant to 42 U.S.C. § 406(a), which is intended to compensate him for work performed at the administrative level. *Id.* That award, in combination the amount requested in the instant motion, would equal $16,195, twenty-five percent of Oakman's past due disability benefits award, which totals $64,780. *Id.* For the reasons hereinafter set forth, the Commissioner maintains that an award of fees to Mr. Jackson under 42 U.S.C. § 406(b) should be allowed, but that the amount he requests should be reduced.

**DISCUSSION**

Where an attorney successfully represents a claimant in the federal courts and subsequently secures an award of past due benefits for the claimant, Section 206(b) of the Social Security Act , 42 U.S.C. § 406(b), provides for payment of attorney fees out of the claimant's award of past due benefits. Specifically, 42 U.S.C. § 406(b) states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past due benefits.

The United States Supreme Court, however, has clarified that an attorney's success before the Agency, after a court-ordered remand, does not automatically entitle him to 25% of his client's award of past due benefits. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-808 (2002).

In *Gisbrecht*, the Supreme Court sustained the common practice amongst Social Security disability law attorneys of entering into contingent-fee agreements with their clients, but provided for "court review of such arrangements as an independent check, *to assure that they yield reasonable results in particular cases*." *Gisbrecht*, 535 U.S. at 807 (emphasis added). The Court noted that, in making its reasonableness determination, the district court should consider, *inter alia*, whether the amount plaintiff's counsel would receive constitutes a "windfall," in light of the time plaintiff's counsel spent on the case and the fees sought. *Id.* at 808 ("if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."). To that end, district courts may consider "a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for

3

noncontingent-fee cases" as "an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement." *Id.*

In the instant case, Mr. Jackson prepared an itemized statement of the time he spent representing Oakman, which he made part of his motion for fees under 42 U.S.C. § 406(b). Pl's 406(b) Motion, Exhibit 3. According to this statement, Mr. Jackson claims to have spent a total of 4.4 hours working at the district court level on Oakman's behalf.[1] *Id.* An award under 42 U.S.C. § 406(b) to Mr. Jackson for the total amount requested, $10,895, would represent compensation for those 4.4 hours at an effective hourly rate of $2,476.13.

While what constitutes a reasonable hourly rate under 42 U.S.C. § 406(b) appears to be an issue of first impression for this court, the Commissioner maintains that awarding Mr. Jackson 42 U.S.C. § 406(b) fees at a rate of $2,476.13 per hour would constitute a windfall to Mr. Jackson at the expense of Oakman, who would see his recovery of past due benefits reduced by a corresponding amount. Courts within this circuit have generally found hourly rates of around $700 to be reasonable under 42 U.S.C. § 406(b), and other courts have reduced requested hourly rates on the basis of windfall to as low as $350 per hour. *See e.g. Patel v. Astrue*, 2012 WL 5904333, at *4 (E.D.N.Y. Nov. 26, 2012) (finding that an hourly rate of approximately $650 was reasonable); *Rowell v. Astrue*, No. 05-CV-1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. Jul. 28, 2008) (citing cases where the district court found that hourly rates of $700, $705, $746.61, and even $1,186.47 did not constitute a windfall, but also noting a case where the

---

[1] Mr. Jackson's itemized time sheet also includes all the work he performed at the administrative level following this court's sentence six remand in September 2007. Pl's 406(b) Motion, Exhibit 3. Insofar as Mr. Jackson asks this court to consider the time he spent working at the administrative level as part of its reasonableness analysis, the Commissioner notes that such time is not compensable under 42 U.S.C. §406(b). *See Hinkley v. Astrue*, No. 4:10-cv-126, 2013 WL 392727, at *2 (S.D. Ga. Jan. 30, 2013). Indeed, Mr. Jackson was already compensated for his administrative-level work on the basis of 42 U.S.C. §406(a). Pl's 406(b) Motion, at 1.

district court reduced an attorney's requested hourly rate of $1,334.17 to $447.76 based on windfall considerations); *Hinkley*, 2013 WL 392727, at *3 (reducing the attorney's requested hourly rate of $771 to $350).

  Additionally, of note, the nature of the work Mr. Jackson performed at the federal court level does not appear to warrant a significant hourly rate.  In finding an hourly rate of approximately $650 to be reasonable, the court in *Patel* took care to note that the nature of the federal court work performed by the attorney in that case was significantly complex.  *Patel*, 2012 WL 5904333, at *4 ("Looking to the facts of this case, it is clear that it was a complex case with a lengthy, 924–page administrative record. Indeed, the Commissioner sought permission to file an over-sized brief, and it dedicated over two-thirds of the 49–page brief to synthesizing the facts, medical evidence and procedural history. Binder & Binder also submitted a response brief that distilled the complex facts into a digestible form and made a persuasive argument for remand. At oral argument on November 10, 2010, Binder & Binder was prepared and thorough.").  In contrast, the work Mr. Jackson performed at the federal court level in the instant case was mostly of a clerical nature.

  For all these reasons, the Commissioner respectfully suggests that, while an award of 42 U.S.C. § 406(b) fees is appropriate in the case at bar, some downward reduction is equally warranted.  However, the Commissioner refrains from advocating any specific reduced fee award, instead entrusting the requisite determination of what constitutes a reasonable 42 U.S.C. § 406(b) fee award to the particular expertise of the court.  *See Gisbrecht*, 535 U.S. at 808 (explaining that "[j]udges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event

of an appeal, ordinarily qualify for highly respectful review.").

      Finally, the Commissioner notes that Mr. Jackson will be obligated to return to Oakman the lesser of either the fee award under 42 U.S.C. § 406(b) or the EAJA fee payment the court ultimately orders on the basis of Mr. Jackson's Application For EAJA Fees and Expenses (Docket No. 13).  *Gisbrecht*, 535 U.S. at 796.  The Commissioner, therefore, requests that the Court's Order awarding 42 U.S.C. § 406(b) fees to Mr. Jackson also direct his repayment of the smaller of his two fee recoveries to Oakman.

## CONCLUSION

For the foregoing reasons, the Commissioner respectfully suggests that the Court grant Oakman's Corrected Motion For An Award of § 406(b) Fees in part, awarding fees in some amount less than the full $10,895 sought by Counsel.

                                                  Respectfully submitted,

                                                  MICHAEL J. ASTRUE,
                                                  Commissioner of Social
                                                  Security Administration

                                                  TRISTRAM J. COFFIN
                                                  United States Attorney

                        By:    /s/ Luis Pere
                               Luis Pere
                               Special Assistant United States Attorney
                               P.O. Box 570
                               Burlington, VT 05402-0570
                               (802) 951-6725
                               luis.pere@ssa.gov

Dated: February 14, 2013.

## CERTIFICATE OF SERVICE

I, Luis Pere, Special Assistant United States Attorney for the District of Vermont, certify that on February 14, 2013, I filed the above response with the Clerk of the Court.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF party:

Francis M. Jackson
ATTORNEY FOR OAKMAN

                                                  Luis Pere
                                                  Special Assistant United States Attorney

Dated: February 14, 2013.